MARGROFF et al., Appellants,

v.

CORNWELL QUALITY TOOLS, INC., Appellee.

[Cite as *Margroff v. Cornwell Quality Tools, Inc.* (1991), 81 Ohio App.3d 174.]

Court of Appeals of Ohio,
Summit County.

No. 15019.

Decided Oct. 30, 1991.

*R. David Briggs* and *Russell M. Pry*, for appellants.

*Robert Gippin* and *Scott Allbery*, for appellee.

CACIOPPO, Presiding Judge.

The case at bar arises out of a dealership agreement entered into between the appellants, Duane D. and Janet Margroff, and Cornwell Quality Tools, Inc. ("Cornwell"). Pursuant to this agreement, the Margroffs were granted a territory in Jacksonville, Florida in which to sell Cornwell tools. The Margroffs paid Cornwell $10,000 and executed a note for $20,000 on the day the dealership agreement was signed. Duane Margroff also signed a document informing him that he had no obligation to purchase any materials for a six-month period.

After obtaining a truck and the necessary materials, Duane Margroff commenced business. After a short period of little success, Duane Margroff, believing that Cornwell had made misrepresentations, attempted to return the truck and materials and recoup his investment. Dissatisfied with the credit

given by Cornwell, the Margroffs brought suit alleging that Cornwell had violated R.C. Chapter 1334, governing the sale of business opportunity plans. A jury, finding that R.C. Chapter 1334 did not apply, held in favor of Cornwell.

### Assignment of Error No. I

"The trial court erred in failing to grant a new trial for reason that the judgment is against the manifest weight of the evidence and contrary to law."

It is well established that a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. A judgment of a trial court must be affirmed if any valid grounds are found on review to support it. *Joyce v. General Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174.

The disposition of this assignment of error is necessarily dependent upon the application of R.C. Chapter 1334 to the situation at bar. R.C. Chapter 1334 applies to business opportunity plans. R.C. 1334.01(D) defined a "business opportunity plan" as:

" 'Business opportunity plan' means an agreement in which a purchaser obtains the right to offer, sell, or distribute goods or services under all of the following conditions:

"(1) The goods or services are supplied by the seller, a third person with whom the purchaser is required or advised to do business by the seller, or an affiliated person;

"(2) The purchaser is required to make an initial payment greater than one hundred dollars, but less than fifty thousand dollars, to the seller or an affiliated person to begin or maintain the business opportunity plan;

"(3) The seller makes any of the following representations:

"(a) That the purchaser will be provided with retail outlets or accounts, or assistance in establishing retail outlets or accounts, for the sale or distribution of the goods or services;

"(b) That the purchaser will be provided locations, or assistance in finding locations, for vending machines, electronic games, rack displays, or any other equipment or display for use in the sale or distribution of the goods or services;

"(c) That the purchaser can earn a profit in excess of the initial payment;

"(d) That there is a market for the goods or services;

"(e) That there is a buy-back arrangement."

In analyzing this statute and its relation to the situation at bar, the essential issue becomes whether an initial payment was required. R.C. 1334.01(G) defined "initial payment" as:

" * * * * the total amount a purchaser is obligated to pay prior to or during the first six months after commencing operation of the business opportunity plan. If an agreement sets forth a specific total sale price for purchase of a business opportunity plan, which is to be paid partially as a down payment, followed by specific monthly payments, 'initial payment' means the entire total sale price. 'Initial payment' does not include any payment for sales demonstration equipment and materials, so long as all of the following apply:

"(1) The seller or an affiliated person furnishes the sales demonstration equipment and materials to the purchaser at cost, and does not realize any profit, commission, fee, rebate, or other benefit from furnishing the equipment and materials;

"(2) The total price of the sales demonstration equipment and materials is less than five hundred dollars;

"(3) The sales demonstration equipment and materials are for use in making sales, and are not for resale."

■ In the case at bar, there was conflicting evidence as to whether an initial payment was required, and this issue essentially became one of credibility. Jay Johnson, testifying on behalf of Cornwell, stated that a person could be a Cornwell dealer for six months without making a payment of any kind. The Margroffs testified to the contrary. "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Given the substantial evidence on both sides of the initial payment issue, we cannot conclude that the jury's determination of this issue in Cornwell's favor was in error.

Accordingly, the first assignment of error is overruled.

### Assignment of Error No. II

"The trial court committed prejudicial error in refusing to include in its charge to the jury an instruction under R.C. 1334.15."

■ Jury instructions must be viewed in their totality, and if the law is clearly and fairly expressed, no reversal will be predicated upon an error in a portion of the charge. *Yeager v. Riverside Methodist Hosp.* (1985), 24 Ohio App.3d 54, 55, 24 OBR 107, 109, 493 N.E.2d 559, 561. Furthermore, an error

in instructions given in a civil trial is not grounds for reversal unless it is calculated to mislead the jury to the detriment of the party seeking reversal. *Laverick v. Children's Hosp. Med. Ctr. of Akron* (1988), 43 Ohio App.3d 201, 202, 540 N.E.2d 305, 307.

Appellants contend that a document executed by the parties constituted a waiver in direct violation of R.C. 1334.15, and that a jury instruction should have been given in this regard. The document in question provides in part.

"It is the policy of our company to permit new customers purchasing our tools to use our company Trademark and Tradename subject only to the condition that some of the tools, even merely nominal in amount, which they are selling are in fact Cornwell branded tools. This requirement is for the purpose of assuring that a prospective customer is not misled into believing that Cornwell tools are available from a dealer when in fact the dealer has none for sale. Of course, most of the persons using the Cornwell Trademark and Tradename desire to do so only because they do in fact have an inventory of Cornwell made or purchased tools available for their customers.

"Otherwise, this company has no policy by which it requires the purchaser during the first six months of his operation to purchase an inventory of tools, even tools which constitutes a starter inventory. It is, however, our opinion that in order to be successful as a dealer you will need a start up inventory of tools and related equipment and that the minimum reasonable amount of such inventory, if all were Cornwell branded products purchased at our wholesale price, would be $25,000.00.

"Because of the recent promulgation by the Federal Trade Commission of a Rule which would impose elaborate requirements that we think are unnecessary for our company's business, we have adopted a policy which makes the Rule inapplicable to us. The key feature of this policy is the fact that we do not require our customers to buy any amount of Cornwell products during the first six months of operation."

R.C. 1334.15 provides:

"The remedies of sections 1334.01 to 1334.15 of the Revised Code are in addition to remedies otherwise available for the same conduct under federal, state, or local law. Any waiver by a purchaser of sections 1334.01 to 1334.15 of the Revised Code is contrary to public policy and is void and unenforceable."

Appellants' arguments in this regard must fail for two reasons. First, as previously discussed, the jury could properly conclude that the provisions of R.C. Chapter 1334 did not apply. As such, the Margroffs could not waive rights under the statute which did not apply to them. Second, we do not

believe that the subject document constituted a waiver. A "waiver" has been defined as:

"The intentional or voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right, or when one dispenses with the performance of something he is entitled to exact or when one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something the doing of which is inconsistent with the right, or his intention to rely upon it. The renunciation, repudiation, abandonment, or surrender of some claim, right, privilege, or of the opportunity to take advantage of some defect, irregularity, or wrong. A doctrine resting upon an equitable principle, which courts of law will recognize. * * *

"Waiver is essentially unilateral, resulting as legal consequence from some act or conduct of party against whom it operates, and no act of party in whose favor it is made is necessary to complete it. * * * " Black's Law Dictionary (5 Ed.1979) 1417.

Under the facts at bar, the trial court could properly conclude that the document in question was a disclosure of a right belonging to the Margroffs rather than the relinquishment of a right and properly refuse to instruct the jury on the issue of waiver.

The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.