OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellant, Melinda Minnis, administratrix of the estate of Arlena Mackey, appeals the trial court's decision to enter judgment for appellee, Theodore E. Cornelius, II, upon a jury verdict.
Appellant, the decedent's daughter and administratrix of her mother's estate, filed a complaint against appellee on October 8, 1998.[1] The complaint alleged that on June 23, 1995, Arlena Mackey ("the decedent") was hit from behind by appellee and, as a result, sustained various injuries.[2] A jury trial was held on July 21, 1999, which returned a verdict for appellee.
The transcript revealed that on June 23, 1995, the decedent was stopped and parked on the left berm of interstate 90 when appellee struck the rear of her car. The decedent sustained injuries as a result of the collision. Sergeant Lane Sweitzer ("Sgt. Sweitzer") of the city of Willoughby Police Department testified that the decedent's car was partially on the berm and partly on the roadway. The decedent told Sgt. Sweitzer that she was parked there because she had a flat tire, but the transcript is not clear as to how long appellant was parked on the left berm.
At the trial, appellant testified as to what she observed regarding her mother's condition and what assistance she rendered to her mother. Appellant was not allowed to testify as to the statements her mother made to her regarding the accident.
Appellee was called to the stand and related that he was traveling at a lawful speed on the highway around 6:00 p.m. He recalled that there was "heavy traffic in both lanes." Appellee was a couple of car lengths behind the vehicle in front of him that veered to the right very quickly. Appellee stated that there were other vehicles in the right lane at that moment. At that point, he saw the decedent's auto, so he applied his brakes, hitting the rear of the decedent's car.
In a judgment entry dated July 27, 1999, the trial court ordered that judgment be rendered against appellant and in favor of appellee pursuant to the jury's verdict. Appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] The trial court erred to the prejudice of [appellant] in failing to charge the jury as to [appellee's] failure to control his vehicle, as requested by the [appellant] in writing pursuant to Rule 51(A).
 "[2.] The trial court erred to the prejudice of [appellant] in instructing the jury as requested by [appellee] as to sudden emergency pursuant to O.J.I. Section 7.17.
 "[3.] The trial court erred to the prejudice of [appellant] in refusing to admit into evidence the testimony of the Administratrix, decedent's daughter, as to statements made by decedent to rebut the testimony of the adverse party as to the facts of the accident pursuant to [Evid.R.] 804(B)(5).
 "[4.] The trial court erred to the prejudice of [appellant] in refusing to admit into evidence the testimony of the Administratrix, decedent's daughter, as to decedent's statements of her present sense impression of her then existing physical condition, including statements as to "pain" and "bodily health" pursuant to [Evid.R.] 803(1) and (3).
 "[5.] The trial court erred to the prejudice of [appellant] in entering a judgment in favor of [appellee] against [appellant] upon the jury verdict which found and answered in the negative the question, `Was [appellee] negligent and did that negligence directly and proximately cause any injury to [appellant]?'"
In her first assignment of error, appellant contends that the trial court erred in failing to charge the jury as to appellee's failure to control his vehicle, as requested by the plaintiff in writing pursuant to Rule 51(A).
We note that the provisions of Civ.R. 51(A) specify that, "[o]n appeal, a party may not assign as error * * * the failure to give any instruction unless the party objects before the jury retires * * * stating specifically the matter objected to and thegrounds of the objection." (Emphasis added.)
In the instant matter, although the transcript reveals an objection to the jury instructions after they were given, the grounds for the objection were not specified, and we are unable to discern the substance of the objection from any other part of the record. Moreover, appellant refers to nothing in the transcript where any instruction was requested on the issue at the conclusion of the trial, and we can find nothing in our own review of the record. Any error in jury instructions given by the court is waived if a party does not properly object to them (stating the grounds for such an objection) or propose his own. Conley v.Admr., Bur. of Worker's Comp. (Aug. 3, 1992), Lawrence App. No. 91 CA 17, unreported, at 2, 1992 WL 188643.
Even if this argument were properly before this court, and there was an error in the charge, it must be established that a substantial right of the complaining party was directly affected with resulting prejudice to that party before a reversal is justified. Stonerock v. Miller Bros. Paving, Inc. (1991),72 Ohio App.3d 123, 134. The facts of this case reveal that the trial court did not err by refusing to include the instruction on appellee's failure to control his vehicle as this decision did not affect a substantial right of appellant or cause her any prejudice. Further, the trial court included an instruction on assured clear distance. Hence, appellant's first assignment of error is without merit.
In her second assignment of error, appellant claims that the trial court erred in instructing the jury on sudden emergency pursuant to Ohio Jury Instruction ("O.J.I.") 7.17 at appellee's request.
Preliminarily, we note that appellant did not object to this jury instruction as required by Civ.R. 51(A). Thus, this argument should be waived for purposes of this appeal. However, in the interest of justice, we will address the merits of the contention.
Our review of the transcript reveals that the jury was instructed on "sudden emergency" as follows:
 "The [appellee] claims that although he did collide with [the decedent's] car, he was not negligent because he was faced with a sudden emergency.
 "An operator of a motor vehicle who fails to comply with a safety statute is excused from such failure to comply with the statute, and he avoids the legal effect of negligence arising therefrom by establishing by the greater weight of the evidence that, without fault on his part and because of circumstances over which he had no control, he was confronted by a sudden and unforeseeable emergency which made compliance with such statute impossible. If you find that these conditions existed, [appellee] is excused from a violation of such statute.
 "If you find that [appellee] was excused from complying with the statute because of a sudden emergency, he is still required to use ordinary care under the circumstances. Ordinary care is such care as a reasonably careful person would use under the same or similar circumstances. You will consider the danger of the situation, and, along with the other fact, you will decide whether [appellee] used ordinary care.
 "[Appellee] is required to prove by the greater weight of the evidence that he was confronted by a sudden or unexpected emergency, that the claimed emergency was not the result of his negligence or from any circumstance under his control, and that [appellee] exercised such care as a reasonably careful person would exercise under the same or similar circumstance."
 Appellee defends the instruction by maintaining that it was taken directly from 1 O.J.I. (1993), Sections 7.17 and 7.18. However, we do not necessarily rely on that as proof that the instruction was, ipso facto, correct. Trial courts and appellate courts are not bound to follow O.J.I. as being a proper pronouncement of the law. The Supreme Court of Ohio has periodically relied on O.J.I. and held that certain instructions from it are substantively correct. See, e.g., Maumee v. Anistik
(1994), 69 Ohio St.3d 339, syllabus; Fantozzi v. Sandusky Cement Products Co. (1992), 64 Ohio St.3d 601, 613-614. Yet, it has also warned that the language of O.J.I. "should not be blindly applied in all cases." (Emphasis added.) State v. Burchfield (1993), 66 Ohio St.3d 261, 263.
Generally, a trial court should give requested instructions " * * * if they are correct statements of the law applicable to the facts in the case * * * ." Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585, 591. However, jury instructions must be viewed in their totality. Margroff v. Cornwell Quality Tools, Inc. (1991),81 Ohio App.3d 174, 177. If the totality of the instructions clearly and fairly expresses the law, a reviewing court should not reverse a judgment based upon an error in a portion of a charge.Id. A strong presumption exists in favor of the propriety of jury instructions. Brooks v. Mihm (May 3, 1995), Pickaway App. No. 93 CA 24, unreported, at 2, 1995 WL 264861. Instructions that, in their totality, are sufficiently clear to permit a jury to comprehend the relevant law will not cause a reversal upon appeal.Margroff at 177.
In establishing the defense of sudden emergency, a defendant is required to show, by the greater weight of the evidence, that the emergency was not the result of any fault of the defendant or circumstances under his control, and that he exercised such care as a reasonably prudent person would exercise under the same or similar conditions. Radecki v. Lammers (1968), 15 Ohio St.2d 101, paragraph two of the syllabus.
Here, the charge given by the court fairly met the Radecki
standard and instructed the jury that: (1) the defense must be proven by the greater weight of the evidence, (2) the emergency must be either sudden or unexpected, (3) the emergency must not be his fault or the result of any circumstances under his control, and (4) he must have exercised "such care as a reasonably careful person would exercise under the same or similar circumstances." A trial court must fully and completely give jury instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as factfinder. State v. Comen (1990), 50 Ohio St.3d 206,210. It is our view that the instructions given in the case at hand were substantively correct and sufficiently detailed to permit the jury to carry out its function.
Further, in the case at hand, there were facts in the evidence that supported the trial court's instruction to the jury on sudden emergency. Appellee's testimony revealed that there was a van in front of him, which quickly veered to the right. Thereafter, appellee noticed the deceased's auto. He could not swerve into the right lane because there was traffic there. Therefore, this testimony, if believed, provided a predicate for the jury instruction. Appellant's second assignment of error is not well-taken.
In her third assignment of error, appellant argues that the trial court erred by refusing to admit into evidence her testimony as to statements made by the decedent to rebut the testimony of appellee as to the facts of the accident pursuant to Evid.R. 804(B)(5). Specifically, appellant avers that she should have been able to testify regarding what the decedent told her about the facts of the accident.
We first note that the admission or exclusion of evidence is within the sound discretion of the trial court, and will not be reversed unless the court abused its discretion. Peters v. OhioState Lottery Comm. (1992), 63 Ohio St.3d 296. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. Franklin Cty. Sheriff's Dept. v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 498, 506.
Evid.R. 804(B)(5) deals with hearsay exceptions and provides that:
 "[t]he following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 "(5) Statement by a deceased or incompetent person. The statement was made by a decedent * * * , where (a) the estate or personal representative of the decedent's estate * * * is a party, and (b) the statement was made before the death * * * , and (c) the statement is offered to rebut testimony by an adverse party on a matter within the knowledge of the decedent * * * ."
 Furthermore, "Evid.R. 804(B)(5) is a hearsay exception for the declarations of a decedent which rebut testimony of an adverse party and is available only to the party substituting for the decedent." Testa v. Roberts (1988), 44 Ohio App.3d 161, paragraph six of the syllabus; Smith v. Koehne (Nov. 30, 1990), Ashtabula App. No. 89-A-1474, unreported, at 2, 1990 WL 187711.
This hearsay exception does not apply to the case at bar since Evid.R. 804(B)(5) applies only to rebuttal testimony.Eberly v. A-P Controls, Inc. (1991), 61 Ohio St.3d 27, paragraph one of the syllabus. Rebuttal evidence has been defined as testimony that is given "to explain, repel, counteract, or disprove facts given in evidence by the adverse party." Nickey v.Brown (1982), 7 Ohio App.3d 32, 35. "[I]t becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence." State v. McNeill (1998), 83 Ohio St.3d 438,446. It is well-established that "[a] party has an unconditional right to present rebuttal testimony on matters which are first addressed in an opponent's case-in-chief and should not be brought in the rebutting party's case-in-chief." Phung v.Waste Mgmt., Inc. (1994), 71 Ohio St.3d 408, 410.
The proper scope of rebuttal testimony is within the sound discretion of the trial court and its judgment will not be reversed absent a clear showing of an abuse of that discretion along with material prejudice to the defendant. State v. Hymore
(1967), 9 Ohio St.2d 122, 128. Consequently, this court will not reverse a trial court's decision regarding the scope of rebuttal testimony unless the trial court acted in an unreasonable, arbitrary or unconscionable manner. State v. Finnerty (1989),45 Ohio St.3d 104, 108.
Here, appellant's attorney, in appellant's case-in-chief, attempted to present evidence of the decedent's statements by the direct examination of her daughter, appellant. Furthermore, nothing prevented appellant from attempting to proffer this evidence in the rebuttal portion of the trial. Therefore, we conclude that the trial court did not commit an abuse of discretion by disallowing appellant to testify as to statements the decedent made about the accident. Appellant's third assignment of error is overruled.
In her fourth assignment of error, appellant maintains that evidence of the decedent's then existing physical condition should have been admitted as an exception to the hearsay rule under Evid.R. 803(1) and Evid.R. 803(3). Appellant cited several pages in the transcript where this evidence was excluded.
However, in a colloquy that took place in chambers, the parties reached an agreement where appellant's counsel could call appellant to the stand to testify again as to statements the decedent made to her regarding the pain the decedent was suffering. When appellant's attorney recalled appellant, the only question he asked appellant was whether her "mother complained to [appellant] about the injury to her back from the time of the accident until the date of her death?" Appellant answered in the affirmative. The court colloquy did not appear to limit appellant's attorney's ability to inquire further on this subject. By allowing appellant's counsel the opportunity to elicit this testimony, any error that may have occurred was cured. Appellant's fourth assignment of error lacks merit.
In her fifth assignment of error, appellant alleges that the jury's verdict was against the manifest weight of the evidence.
In assessing a claim that a judgment in a civil matter is against the manifest weight of the evidence, the Supreme Court of Ohio has held:
 "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C. E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 In the case at bar, appellee stated he was traveling fifty-five miles per hour on interstate 90, at 6:00 p.m., when the vehicle in front of him veered quickly to the right. At that point, he saw the decedent's car, so he applied his brakes and attempted to swerve, but he hit the decedent's car. His testimony revealed that he could not swerve into the right lane because of the traffic there. Sgt. Sweitzer related that the decedent's car was partly on the berm and partially on the roadway. Based on this testimony, the jury verdict was supported by competent, credible evidence and was not against the manifest weight of the evidence. Appellant's fifth assignment of error is not well-founded.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of CCommon Pleas is affirmed.
 _______________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] Pursuant to the complaint, the action commenced within one year of a voluntary dismissal.
[2] We note that this was not a wrongful death action, and there was no claim that her death was related to the June 23, 1995 accident. Instead, the complaint was filed while the decedent was alive. However, the decedent died before the trial took place.