OPINION
{¶ 1} The defendant-appellant, Ralph W. Pope, Sr. ("Pope"), appeals the January 18, 2006, Judgment of conviction and sentence entered in the Court of Common Pleas of Seneca County, Ohio.
 {¶ 2} On February 24, 2004, law enforcement officers of Seneca County Drug Task Force/METRICH Enforcement Unit conducted a controlled purchase of marihuana utilizing a confidential informant. The officers followed "pre-operational protocol," meeting with the confidential informant at a pre-determined location and searching the confidential informant "to make sure that they don't bring any contraband into the transaction." Detective Charles Bower of the Tiffin Police Department placed an audio transmitter and digital recorder on the confidential informant when no contraband was found on his person or in his vehicle. The confidential informant was then issued $550.00 in marked money to purchase one-half pound of marihuana from Greg Kipps ("Kipps").
 {¶ 3} The confidential informant drove his vehicle to Kipps residence to take him to another location to get the marihuana. On the way to the pick up location, the confidential informant drove from Tiffin to Bloomville, Ohio, then Kipps switched positions with the confidential informant as driver. The confidential informant hid in the car as they approached the pick up location so it would appear that Kipps was arriving alone. Kipps and the confidential informant approached 9650 County Road 12, later confirmed to be Pope's residence. The trip to Pope's residence was necessitated because Pope was Kipps supplier.
 {¶ 4} Upon arrival at Pope's residence, Kipps was informed by Pope's wife or girlfriend that he was not home and she could not assist him because she did not know how to help him acquire the marihuana. Kipps and the confidential informant left the residence, but on their way back to Tiffin they passed Pope driving in the opposite direction. They turned around and Kipps went into Pope's residence and purchased one-half pound of marihuana which he then sold to the confidential informant. Kipps and the confidential informant returned to Tiffin. The confidential informant dropped Kipps off at his residence and went on to meet with the officers at a pre-determined location. The officers received what was later confirmed to be approximately 201 grams of marihuana from the confidential informant.
 {¶ 5} On March 23, 2004, another controlled purchase was conducted utilizing the confidential informant. The second purchase was for one-quarter pound of marihuana for approximately $340.00. On this occasion, the confidential informant met with the officers at a pre-determined location, was searched for contraband and wired as was done in the February 24, 2004 operation. The confidential informant then picked Kipps up at his residence, they drove to Bloomville, switched positions as drivers, and Kipps purchased the marihuana from Pope at his residence. The confidential informant then dropped Kipps off at his residence and met with the officers at the pre-determined location to conduct "post-operational protocol." The officers received what was later confirmed to be approximately 101 grams of marihuana from the confidential informant.
 {¶ 6} Following the March 23, 2004 operation, a search warrant was obtained for 9650 East Country Road 12 in Seneca County, Ohio. On March 24, 2004, agents of the Drug Task Force and officers of the SWAT team executed the search warrant in the evening hours. No one was found in the home during the raid; however, a pit bull aggressively approached the officers and the officers were forced to use a tazer on it. The officers also discovered that the mailbox in front of 9650 East County Road 12 had "Pope" painted on it. In addition, Detective Boyer learned through a search of records through LEADS (Law Enforcement Computer System) that Pope's home address listed on his drivers license was 9650 East Country Road 12.
 {¶ 7} The search yielded several pieces of evidence including illegal narcotics, drug related paraphernalia, three issues of magazines styled "Weed World" and "High Times," a photograph of Pope with his pit bull on the refrigerator, postal scales, a letter addressed to Ralph W. Pope at 9650 E. Co. Rd. 12, Bloomville, Ohio, and a film container filled with seeds. In addition, officers discovered several large bags of green vegetation inside a freezer near the living room. The green vegetation was collected and later tested for the presence and weight of controlled substances. It was later determined to be marihuana in the amount of 1,538.4 grams.
 {¶ 8} On June 8, 2005, the Seneca County Grand Jury returned a four count indictment against Ralph W. Pope, Sr. The indictment charged him with Trafficking in Marihuana, a felony of the fifth degree; Trafficking in Marihuana, a felony of the fourth degree; Possession of Marihuana, a felony of the third degree; and Possessing Criminal Tools, a felony of the fifth degree. Pope pled not guilty to each charge. On October 27-28, 2005, a jury trial was held. At the conclusion of the jury trial, the jury unanimously convicted Pope of one count of Trafficking in Marihuana on February 24, 2004 and one count of Possession of Marihuana on March 24, 2004. On January 17, 2006, the trial court sentenced Pope to a stated prison term of ten months for committing the crime of Trafficking in Marihuana and three years for the crime of Possession of Marihuana to be served concurrently.
 {¶ 9} On February 10, 2006, Pope filed a notice of appeal raising the following assignments of error:
THE TRIAL COURT ERRED IN ITS INSTRUCTION TO THE JURY BY GIVINGA TOO BROAD DEFINITION OF "POSSESSION" WHERE A MORE SPECIFICDEFINITION IS REQUIRED IN CASES DEALING WITH THE POSSESSION OFILLEGAL DRUGS
 THE TRIAL COURT ERRED IN ITS INSTRUCTION TO THE JURY BYFAILING TO PROVIDE AN INSTRUCTION REGARDING THE TESTIMONY OF ANACCOMPLICE
 {¶ 10} Pope asserts in his first assignment of error that the trial court erred in its instruction to the jury by giving a broad definition of the word "possession." He alleges that a more specific definition is required in cases regarding the possession of illegal drugs. Specifically, Pope takes issue with the following jury instructions:
The defendant is charged in Count Three with possession ofmarijuana. Before you can find the defendant guilty, you mustfind beyond a reasonable doubt on or about the 24th day of March2004 and in Seneca County, Ohio, the defendant knowinglypossessed marijuana.
 A person acts knowingly, regardless of his purpose, when he isaware that his conduct will probably cause a certain result. Aperson has knowledge of circumstances when he is aware that suchcircumstances probably exist. Since you cannot look into the mindof another, knowledge is determined from all the facts andcircumstances in evidence. You will determine from these factsand circumstances whether there existed at the time in the mindof the defendant an awareness of the probability that hepossessed the marijuana.
 Possession of marijuana is an essential element of the offenseof possession of marijuana. Possession is a voluntary act if thepossessor knowingly procured or received the marijuana, or wasaware of his control thereof for a sufficient period of time tohave ended in his possession.
 A person has possession when he knows that he has the objecton or about his person and or property or places it where it isaccessible to his use or direction and he has the ability todirect or control its use.
 Two or more persons may have possession together — I'm sorry —Two or more persons may have possession if together they have theability to control it, exclusive of others.
 Ownership is not necessary. A person may possess or controlproperty belonging to another.
 "Possess" means having control over a thing or substance, butmay not be inferred solely from mere access to the thing orsubstance through ownership or occupation of the premises uponwhich the thing or substance is found.
Oct. 28, 2005 transcript, p. 456-458.
 {¶ 11} It is well settled that a criminal defendant is entitled to a complete and accurate jury instruction on all issues raised by the evidence. State v. Williford (1990),49 Ohio St.3d 247, 251, 551 N.E.2d 1279. When reviewing the trial court's jury instructions, we must view the instructions in their totality, if the law is clearly and fairly expressed, a reviewing court should not reverse a judgment. Margroff v. CornwellQuality Tools, Inc. (1991), 81 Ohio App.3d 174, 177,610 N.E.2d 1006; Yeager v. Riverside Methodist Hosp. (1985),24 Ohio App.3d 54, 55, 493 N.E.2d 559. The jury instructions must be considered as a whole and not view a single portion in isolation.State v. Jalowiec (2001), 91 Ohio St.3d 220, 231,744 N.E.2d 163.
 {¶ 12} Pope relies on State v. Haynes (1971),25 Ohio St.2d 264, 270, 267 N.E.2d 787, for support where the Ohio Supreme Court stated:
When narcotics are discovered in the general living area ofjointly occupied premises, one can only speculate as to which ofthe joint occupiers have possession of the narcotics. In otherwords, no interference of guilt in relation to any specifictenant may be drawn from the mere fact of the presence ofnarcotics on the premises.
However, Haynes is distinguishable from this case. InHaynes, the defendant shared the premises with three other people and more importantly he had not been present on the premises for one week prior to the search that turned up the drugs. Also, the only evidence connecting the defendant inHaynes with the drugs on the premises was that he was a lessee.
 {¶ 13} In this case, Pope was the owner of the premises. In addition, unlike in Haynes, Pope was present on the premises one day previously for the sale of marihuana to Kipps. Furthermore, marihuana found on the premises and other evidence was presented establishing that the marihuana belonged to him. Courts have found constructive possession of drugs when the evidence proves that the defendant was able to exercise dominion and control over the contraband. State v. Wolery (1976),46 Ohio St.2d 316, 332, 348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone. State v. Trembly
(2000), 137 Ohio App.3d 134, 141, 738 N.E.2d 93.
 {¶ 14} In State v. Perry, 8th Dist. No. 84397,2005-Ohio-27, the defendant took issue with the trial court's instruction of "possession." The Eighth District pointed out that possession can be either actual or constructive. Id. at ¶ 69. The court reasoned that possession can be established as actual physical possession or constructive possession where the contraband is under the defendant's dominion or control. Id. at ¶ 70. It then stated:
It [possession] may not be inferred, however, solely from mereaccess to the substance through ownership or occupation of thepremises upon which the substance is found. Similarly, mere proofof presence in the vicinity of illicit drugs is insufficient toestablish possession. Finally, the mere fact that one is theowner or lessee of premises upon which illicit drugs are found,such premises are also regularly occupied by others, and thedrugs are found in an area accessible to all occupants,possession cannot be imputed to the owner or lessee. Knowledge ofillegal goods on one's property is sufficient to showconstructive possession. We find no error, given that theinstruction on constructive possession was proper. (Internalcitation omitted.)
Therefore, the state can prove possession by demonstrating that the defendant had actual or constructive possession.
 {¶ 15} In this case, the evidence showed that over 1,500 grams of marihuana was found in Pope's home inside a freezer located in the living room near Pope's pit bull. In addition, Kipps testified that he saw Pope keep the marihuana inside the freezer. Kipps also stated that he had purchased marihuana from Pope in his residence on the day before the search warrant was conducted and had observed that the marihuana was stored in the freezer in the living room. Furthermore, a search of records revealed that Pope's residence on his drivers license was the house located at 9650 East County Road 12 outside Bloomville, Ohio.
 {¶ 16} Moreover, Pope did not express in the record that anyone else had control over the marihuana that was located on his premises. In fact, Kipps testified that Pope's girlfriend or wife that was at the residence on February 24, 2004 did not give Kipps the marihuana but rather told him that Pope would be returning and she could not assist him. That evidence therefore suggests that she did not have any control over the marihuana located on Pope's premises.
 {¶ 17} The trial court's instructions to the jury accurately relates that Pope's mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found, could not lead to an inference of possession. Furthermore, the court made certain to instruct the jury that the possessor must knowingly procure or receive the marihuana or be aware of his control for a sufficient period of time. Therefore, the trial court did not err in giving the jury the above cited instructions. Accordingly, Pope's first assignment of error is overruled.
 {¶ 18} In the second assignment of error, Pope claims that the trial court should have included an accomplice instruction. He asserts that the lack of instruction regarding the testimony of an accomplice was error. Specifically, Pope alleges that the jury should have been informed that Kipps was Pope's accomplice.
 {¶ 19} In order to establish that Kipps was complicit to the crimes Pope was found guilty of having committed, the State of Ohio had to prove beyond a reasonable doubt that Kipps knowingly:
(1) Solicit[ed] or procure[d] another to commit the offense;
 (2) Aid[ed] or abet[ted] another in committing the offense;
 (3) Conspire[d] with another to commit the offense inviolation of section 2923.01 of the Revised Code.
 (4) Cause[d] an innocent or irresponsible person to commit theoffense.
R.C. 2923.03(A).
 {¶ 20} In the case at hand, the trial court refused to give the accomplice instruction because it did not find that there was sufficient evidence to establish that Kipps was Pope's accomplice. Kipps was not convicted of complicity regarding the two occasions where Pope sold marihuana to Kipps. Rather he was indicted and convicted with two counts of trafficking in marihuana but not charged with possession of marihuana or possession of criminal tools. Pope was convicted with one count of possession of marihuana and one count of trafficking in marihuana. Therefore, only one conviction overlapped between Kipps and Pope and that was the trafficking in marihuana on February 24, 2004.
 {¶ 21} In sum, the record does not indicate that Kipps solicited, procured, aided or abetted Pope in committing the offense of trafficking in marihuana. Kipps was not acting in concert with Pope because there was no evidence establishing that Pope knew that Kipps was an intermediary in the sale of the marihuana. Furthermore, Kipps also did not conspire with Pope to commit the offense of trafficking in marihuana, nor did he cause an innocent person to commit the offense because Pope knowingly sold marihuana to Kipps.
 {¶ 22} We find that the trial court did not err in finding that the sale of marihuana from Pope to Kipps and the sale of marihuana from Kipps to the confidential informant were separate transactions. Therefore, the trial court did not err in declining to give an accomplice instruction to the jury. Accordingly, Pope's second assignment of error is overruled and the judgment of the Court of Common Pleas, Seneca County, Ohio is affirmed.
Judgment Affirmed.
 Bryant, P.J., and Cupp, J., concur.