OPINION *Page 2 
{¶ 1} Appellant, Jerry Stevens, appeals his convictions for obstructing justice and obstructing official business. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On August 19, 2006, appellant, Jerry Stevens, was indicted by the Morgan County Grand Jury on one count of obstructing justice in violation of R.C. 2921.32(A)(1), a fifth degree felony, one count of obstructing official business in violation of R.C. 2921.31(A)(1), a fifth degree felony, one count of assault in violation of R.C. 2903.13(A), a first degree misdemeanor, and one count of resisting arrest in violation of R.C. 2921.33(A), a second degree misdemeanor.
 {¶ 3} The charges stem from a series of events wherein the appellant allegedly interfered with the apprehension of parolee Bryan Mayle. Mayle was on parole with the Adult Parole Authority. Mayle's parole officers were seeking to apprehend him for a parole violation. When the parole officers found Mayle, he was inside appellant Jerry Steven's home. The parole officers entered appellant's home to apprehend Mayle. Appellant allegedly interfered with and obstructed Mayle's arrest.
 {¶ 4} On September 19, 2006, appellant filed a motion to suppress any evidence obtained after the parole officers entered appellant's home. The motion was heard and denied on November 15, 2006.
 {¶ 5} On March 9, 2007, the matter proceeded to jury trial. The evidence presented was as follows:
 {¶ 6} Matthew Cook, a parole officer with the Ohio Adult Parole Authority, testified that appellant's friend, Bryan Mayle, was on parole supervision. He stated that *Page 3 
he and another parole officer visited Mayle's residence and was advised by Mayle's wife that there had been a domestic violence incident and Mayle had not been living at the residence for a week. He testified that Mayle had not been given permission to change his residence and was, therefore, in violation of his parole conditions. He stated that Mayle had been known to stay at appellant's home. He stated that they went to appellant's home looking for Mayle. Cook stated that, on another occasion, Mayle was at appellant's home and avoided apprehension by fleeing from the parole officers. He testified that appellant was aware that Mayle was on parole and knew that Cook was Mayle's parole officer.
 {¶ 7} Parole Officer Cook testified that when they went to appellant's residence, he observed children playing outside. The children told Cook that Mayle was in appellant's house. Cook stated that he ran up to appellant's porch, looked in the open doorway and saw Mayle in the living room. He stated he also saw appellant walking "briskly" to the door. He stated that he told appellant that he wanted Mayle, and appellant said "no" and attempted to slam the door. He stated that he believed Mayle was a flight risk, so he put his foot in the door and pushed it open. He stated appellant slammed his body against the door and tried to "bull rush" him out the door. He stated that he pepper sprayed appellant who fled from the living room yelling, "I'm going to kill you mother fuckers." He testified he stepped a few feet into the house, grabbed Mayle and placed Mayle under arrest for a parole violation.
 {¶ 8} On behalf of appellant, Julie Mayle testified that, on the day of the incident, the doors to the appellant's house were shut. She stated that when the parole officer arrived, she and Mayle were sitting in the living room on the love seat which she *Page 4 
believed was not visible from the doorway. She stated that her son, who was playing outside, came into the house and said to Mayle, "Bryan, a man wants you." She stated her son went back outside and appellant shut the door. She stated appellant shut the door hard because the air conditioning was running. She stated that Mayle and appellant then got up to go outside and she heard appellant say, "what are you doing in my house?" She stated appellant put his foot at the bottom of the door, and the parole officer pushed through the door.
 {¶ 9} Appellant testified that he was aware Mayle was on parole. T.218. He stated he knew Matt Cook was a parole office with the Adult Parole Authority. He stated that on the day of the incident, the doors to his home were closed. He testified that his son came in and told him someone was outside. He stated that he heard someone in the mud room entrance to the house, got up to investigate and shut the door. He stated when he looked through the door, he saw Matt Cook. He stated he told Mayle that Cook was there and motioned for Mayle to go outside. He stated that he tried to prevent Cook from coming in his home without a warrant. He stated that Cook sprayed mace when he came through the door. He stated he put his foot against the door, told Cook to get out of his house and ran into the kitchen.
 {¶ 10} After the presentation of evidence, appellant was found guilty of obstructing justice and obstructing official business. Appellant was acquitted on the remaining charges. On May 16, 2007, appellant was sentenced to serve an eight month sentence on each of the convicted counts. The trial court ordered the sentences to be served concurrently. It is from this conviction that appellant seeks to appeal setting forth the following assignments of error: *Page 5 
 {¶ 11} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS OF DEFENDANT/APPELLANT.
 {¶ 12} "II. THE CONVICTION OF DEFENDANT/APPELLANT FOR THE OFFENSE OF OBSTRUCTING JUSTICE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 13} "III. THE CONVICTION OF DEFENDANT/APPELLANT FOR THE OFFENSE OF OBSTRUCTION OF OFFICIAL BUSINESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 14} "IV. THE COURT COMMITTED PLAIN ERROR IN ITS INSTRUCTION TO THE JURY FOR THE OFFENSE OF OBSTRUCTION OF JUSTICE AND OBSTRUCTION OF OFFICIAL BUSINESS.
 {¶ 15} "V. DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 I {¶ 16} In the first assignment of error, appellant argues the trial court erred in denying his motion to suppress. Appellant argues in support that the warrantless entry by the parole officer into his home to effectuate the arrest of a third person, i.e., Bryan Mayle, was illegal. We disagree.
 {¶ 17} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982) 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, *Page 6 597 N.E.2d 1141; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. SeeState v. Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue that the trial court incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,96, 641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906; and Guysinger, supra.
 {¶ 18} In Ohio, during a period of parole, an authorized adult parole authority officer may search with or without a warrant, "the person or the individual or felon, the place of residence of the individual or felon, and a motor vehicle, another item of tangible or intangible property or the other real property in which the individual felon has aright, title, or interest or for which the individual or felon has theexpress or implied permission of a person with a right, title orinterest to use, occupy, or possess, if the field officer has reasonable grounds to believe that the individual * * * is not abiding by the law, or is not complying with the terms and conditions of the individual's or felon's * * * parole * * *" R.C. 2967.131(C).
 {¶ 19} In State v. Thompson (1987), 33 Ohio St.3d 1, 514 N.E.2d 407, the Supreme Court stated that a warrantless entry into a third person's home to effectuate a parolee's arrest is legal and the suppression of statements and evidence obtained at the *Page 7 
time of the arrest is not mandated by the warrantless entry. State v.Thompson, 33 Ohio St.3d at 8, 514 N.E.2d at 415; see also, State v.Osborn, Cuyahoga App. No. 57702, (Dec. 20, 1990), 1990 WL 210229.
 {¶ 20} In the case sub judice, the parole officer testified that he and another parole officer went to appellant's residence after learning that parolee, Bryan Mayle, had moved from his approved address without permission and in violation of parole conditions. When the parole officers arrived, they observed Mayle in appellant's home. Appellant was aware Mayle was on parole. T.218. On cross-examination appellant testified that he had been on probation and was aware of the rules of probation, but testified that he wasn't aware that he and Mayle were not allowed in a house together.[1] As a guest in the appellant's home, Mayle had express and/or implied consent to use or occupy appellant's residence. Based upon the circumstances and pursuant to R.C. 2967.13(C), the parole officer had the legal authority to make a warrantless entry into appellant's home to effectuate the arrest of Mayle for a parole violation.
 {¶ 21} For these reasons, we do not find that the trial court erred in finding that the warrantless entry was legal and in overruling appellant's motion to suppress. Accordingly, appellant's first assignment of error is not well taken and is hereby overruled. *Page 8 
 II {¶ 22} In the second assignment of error, the appellant argues his conviction for obstructing justice is against the manifest weight of the evidence.
 {¶ 23} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. However, the appellate court must bear in mind, the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. SeeState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, at 387,678 N.E.2d 541.
 {¶ 24} Pertinent to this appeal, pursuant to R.C. 2921.32, the elements of obstruction of justice which the State was required to prove are as follows:
 {¶ 25} "No person with purpose to hinder the discovery, apprehension, prosecution, conviction or punishment of another for a crime or to assist another to benefit from the commission of a crime, * * *, shall do any of the following:
 {¶ 26} "(1) Harbor or conceal the other person or child; * * *
 {¶ 27} "(6) Prevent or obstruct any person, by means of force, intimidation, or deception, from performing any act to aid in the discovery, apprehension, or prosecution of the other person or child." *Page 9 
 {¶ 28} Appellant argues that he can not be convicted of obstruction of justice absent the State's proving the commission of an underlying crime by a third party. Appellant argues that the underlying crime can not be a parole violation because it is not a "new offense". We disagree.
 {¶ 29} Where the offender knows the third party is on parole and, there is an underlying parole violation, it is permissible for the jury to conclude that there was a hindrance in the apprehension of another for a crime and therefore, a proper conviction for obstruction of justice. See State v. Ratajczak, Lorrain App. No. 91 CA0005256, (Sept. 2, 1992), unreported, 1992 WL 217976.
 {¶ 30} In this case, appellant testified that he was familiar with Officer Cook and he knew Mayle was on parole. Cook testified that Mayle was suspected of having committed domestic violence and had violated the terms of his parole by moving from his approved residence without permission. Based on Cook's testimony, the jury could conclude that Mayle had an underlying parole violation, which pursuant toRatajczak, supra, is a crime for the purposes of obstructing justice.
 {¶ 31} For these reasons, we do not find that appellant's conviction for obstruction of justice is against the manifest weight of the evidence. Accordingly, appellant's second assignment of error is hereby, overruled.
 III {¶ 32} In the third assignment of error, the appellant argues that the conviction for obstruction of official business is against the manifest weight of the evidence. Appellant argues that the state failed to prove the absence of privilege. Appellant *Page 10 
argues that he had the right to prevent a warrantless entry by the parole officers into his home to arrest Mayle. We disagree.
 {¶ 33} The elements of the offense of obstruction of official business are as follows:
 {¶ 34} "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's capacity, shall do any act that hampers or impedes a public official in the performance of the official's lawful duties." R.C. 2921.31(A).
 {¶ 35} In State v. Gordon (1983), 9 Ohio App.3d 184, 187,458 N.E.2d 1277, the court held that the absence of privilege is not an essential element of obstructing official business which the state must prove beyond a reasonable doubt. The court stated that privilege is more of an affirmative defense or a mitigating circumstance that if shown to exist would prevent an accused from being convicted of obstructing official business. State v. Gordon, 9 Ohio App.3d at 186.
 {¶ 36} In the first assignment of error, we held that pursuant to R.C.2967.13(C), a parole officer has the authority to make a warrantless entry into a home to effectuate the arrest of a third person who is on parole and has committed a parole violation.
 {¶ 37} Furthermore, in State v. Paumbaur, (1984), 9 Ohio St.3d 136,459 N.E.2d 217, the Supreme Court stated that, even though an unlawful warrantless entry may result in the exclusion of pertinent incriminating evidence, absent bad faith on the part of a law enforcement officer, an occupant cannot obstruct the officer in the discharge of his duty, whether or not the officer's actions are lawful under the circumstances." State v. Paumbaur, 9 Ohio St.3d 138, 459 N.E.2d at 219. See also, Cummings v. City of Akron *Page 11 
(2005), 418 F.3d 676, (holding under Ohio law, in absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances.)
 {¶ 38} In this case, appellant did not have the privilege to prevent the parole officer from entering his home to arrest Mayle for a parole violation. Furthermore, appellant knew Cook was a parole officer. Officer Cook testified he had a good faith belief that Mayle was inside the residence and he intended to arrest Mayle for a parole violation. Appellant did not have a privilege to use force to interfere with Officer Cook's acting in the course of his official duties.
 {¶ 39} For these reasons, appellants' conviction for obstruction of official business is not against the manifest weight of the evidence. Accordingly, appellant's third assignment of error is hereby, overruled.
 IV {¶ 40} In the fourth assignment of error, appellant argues that the trial court failed to instruct the jury on the elements of purpose and privilege.
 {¶ 41} Appellant did not object to the trial court's jury instructions. Because appellant failed to object to the jury instructions and bring the issue to the trial court's attention, we must address this assignment under the plain error doctrine. State v.Wamsley, 117 Ohio St.3d 388, 391, 2008-Ohio-1195, 84 N.E.2d 45.
 {¶ 42} A plain error analysis includes "an inquiry into whether the defendant proved that the error affected a substantial right." Id; See also, United States v. Olano (1993), 507 U.S. 725,734, 113 S.Ct. 1770;State v. Perry (2004), 101 Ohio St.3d 118, *Page 12 
120 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court, has the discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.??State v. Barnes (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quotingState v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646; Wamsley supraat ¶ 27.
 {¶ 43} Generally, the trial court is required to instruct the jury on all the elements that the prosecution must prove. State v. Adams (1980),62 Ohio St.2d 151, 153, 404 N.E. 2d 144. However, a trial court's failure "to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged does not per se constitute plain error under Crim. R. 52(B)." Id. at paragraph two of the syllabus.
 {¶ 44} When there is an allegation of plain error due to the failure to instruct the jury, it is necessary to review the record to determine if the failure to the give the jury instruction resulted in a manifest miscarriage of justice. Id. at paragraph three of the syllabus;State v. Wamsley, supra. Instructions that, in their totality, are sufficiently clear to permit the jury to understand the relevant law will not be the cause of a reversal upon appeal. Margroff v. CornellQuality Tools, Inc (1991), 81 Ohio App.3d 174,177, 610 N.E.2d 1006;Yeager v. Riverside Methodist Hosp. (1985), 24 Ohio App.3d 54, 55,493 N.E.2d 559
 {¶ 45} In this case, the trial court instructed the jury on the charges of obstruction of justice and obstruction of official business as follows: *Page 13 
 {¶ 46} "[B]efore you can find the defendant guilty of obstructing justice as alleged in count one of the indictment you must find beyond a reasonable doubt that on or about June 27, 2006, and in Morgan County, Ohio the defendant did knowingly with purpose to hinder the discovery, apprehension, prosecution, conviction of punishment of Bryan Mayle for a crime, prevent or obstruct the officials of the adult parole authority by force, intimidation or deception from performing a lawful act in discovery and apprehending Bryan Mayle in violation of Ohio Revised Code Section 2921.32(A)(1)". T.264-265.
 {¶ 47} "Before you can find the defendant guilty of obstruction official business as alleged in count two of the indictment you must find beyond a reasonable doubt that on or about or between June 27, 2006, and in Morgan County, Ohio the defendant did without privilege to do so and with purpose to prevent, obstruct or delay the performance by a public official of an authorized act within the public official's capacity to hamper or impede a public official to wit: officer's of the Ohio Adult Parole Authority in the performance of a public official in the lawful duty and created the risk of physical harm for persons in violation of Revised Code Section 2921.31(A)". T.265.
 {¶ 48} As we previously held, the trial court was not required to give a jury instruction on privilege as an element of the offense of obstruction of official business, because the absence of privilege, i.e "without privilege", is not an element of obstructing official business which the state must prove beyond reasonable doubt. State v.Gordon, supra. Therefore, we do not find that the trial court erred in failing to give an instruction on privilege.
 {¶ 49} With regard to an instruction on purpose for both charges, we find that as it relates to a specific intent or culpability, the trial court's failure to instruct on the mental *Page 14 
element constitutes error. See, State v. Wamsley, supra at 391;State v. Adam, supra at 153. But, the issue in this case is whether or not such error was plain error.
 {¶ 50} The instructions were sufficient to assist the jury in understanding the relevant law and the elements of the individual offenses. Furthermore, appellant has failed to articulate how the trial court's failure to define purpose misled the jury to appellant's prejudice. Therefore, based upon a review of the record and the entire jury instruction, we do not find that the trial court's failure to instruct the jury on the definition of purpose created a manifest miscarriage of justice resulting in plain error.
 {¶ 51} Accordingly, appellant's fourth assignment of error is not well taken and is hereby overruled.
 V {¶ 52} In the fifth assignment of error, appellant agued that trial counsel was ineffective for failure to move for acquittal and failure to object to the jury instructions.
 {¶ 53} In Strickland v. Washington, the United States Supreme Court enunciated the two-prong standard for evaluating claims of ineffective assistance of counsel. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. When a defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-688. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. The court further stated that counsel's performance must have prejudiced the defense so as to deprive the defendant of a fair trial. Id. This means that the "defendant must [also] show that *Page 15 
there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."Id. at 694.
 {¶ 54} First, appellant argues that counsel was ineffective for failing to make a Crim. R. 29 motion for acquittal after the close of the State's case and to renew the motion at the close of all the evidence.
 {¶ 55} A Crim. R. 29 motion is asserted to test the sufficiency of the evidence. Pursuant to Crim. R. 29(A), a trial court is required to order an acquittal of "one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." See State v. Bridgeman (1978),55 Ohio St.2d 261, 263, 381 N.E. 2d 184. "The failure to assert a Crim. R. 29 motion is not, per se, ineffective assistance of counsel."State v. Shaffer, 11th Dist. No. 2002-P-0133, 2004-Ohio-336, at paragraph 33. See also, Defiance v. Cannon (1990), 70 Ohio App.3d 821, 826-827,592 N.E.2d 884 (held defense counsel's failure to make a Crim. R. 29 motion for acquittal is not ineffective assistance of counsel where such a motion would have been futile.).
 {¶ 56} In the case sub judice, the State presented evidence such that reasonable minds could reach different conclusions as to whether each material element of the crimes of obstruction of justice and obstruction of official business had been proven beyond a reasonable doubt. SeeState v. Apanovitch (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394. Therefore, even if counsel had made Crim. R. 29 motions for acquittal, those motions would have been denied. As such, appellant has failed to establish prejudice. In other words, had counsel made these motions, the outcome of the case would not have been different. *Page 16 
 {¶ 57} Appellant also argues that counsel was ineffective for failure to object to the jury instructions. Specifically, appellant alleges counsel was ineffective for failing to object to the lack of instructions on privilege and purpose. But, we previously held that the court was not required to give an instruction regarding "without privilege" because it was not an element of the offense. In addition, as to "privilege" and "purpose," we do not find that, even if the trial court had given jury instructions regarding these terms, the outcome of the trial would have been different. Therefore, for the reasons previously discussed, we find this argument lacks merit.
 {¶ 58} Appellant's fifth assignment of error is not well taken and is hereby overruled.
 {¶ 59} Accordingly, the judgment of the Morgan County Court of Common Pleas is affirmed.
 By: Edwards, J. Hoffman, P.J. and Gwin, J. concur *Page 17 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morgan County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] This was part of the exchange between the assistant prosecuting attorney, Amy Graham, and the appellant:
"Ms. Graham: You were on probation at one point?
"Mr. Stevens: Years ago about 14 years ago.
"Ms. Graham: So at one point you were aware of the rules of probation?
"Mr. Stevens: Yes Mam.
"Ms. Graham: Okay. And one of those rules of probation was not be around any other criminals or people that had been convicted of a crime?
"Mr. Stevens: "No Mam you was allowed in the house together that's what they told me. You are not allowed running around the streets together. You get caught running the streets together you get in trouble. If your are inside that okay your alright." T.222 *Page 1