[Cite as *State v. Tucker*, 2015-Ohio-3810.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
| --- | --- | --- |
| STATE OF OHIO | | C.A. No. 14CA0047-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JILL I. TUCKER | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 13CR0328 |

DECISION AND JOURNAL ENTRY

Dated: September 21, 2015

SCHAFER, Judge.

{¶1} Defendant-Appellant, Jill Tucker, appeals the judgment of the Medina County Court of Common Pleas convicting her of aggravated arson and sentencing her to a prison term of four years. For the reasons that follow, we affirm the trial court's judgment.

I

{¶2} Tucker was indicted on one count of aggravated arson in violation of R.C. 2909.02(A)(1), a felony of the first degree. The indictment arose from a fire that caused the destruction of her residence. According to Tucker, she fell asleep after lighting several candles and awoke to the flames. Conversely, according to investigators with Liberty Mutual, Tucker's insurer, and the State Fire Marshall's Office, the physical evidence at the scene did not comport with Tucker's explanation. Rather, the investigations revealed that there were two points of origin for the fire, one on the first floor and one on the second floor, and that each point of origin indicated the presence of an accelerant.

{¶3} Members of the Wadsworth Fire Department responded to the fire at Tucker's residence. Assistant Chief Ronald Likely evaluated the situation and worried that the fire could spill over to surrounding residences, which led the responding firefighters to take defensive measures to protect them. Three firefighters subsequently entered Tucker's home from the back of the residence and contained the fire on the first floor. They then searched the remainder of the residence for other fire pockets. Another team of firefighters entered the residence and checked the second floor.

{¶4} After observing heavy black smoke coming from the second floor, which indicated the risk of a "flashover," the supervising firefighters on the scene ordered the team of firefighters on the second floor to retreat to the exterior of the residence. A flashover occurs when the level of heat in a room is so high that everything starts burning at the same time and it presents serious risks to firefighters, including the possibility of death. After retreating from the residence, the firefighters directed a stream of water from the responding fire engines into the windows on the second floor. Subsequently, the firefighters could safely return to the residence's interior and extinguish the fire.

{¶5} This matter proceeded to a jury trial. The jury returned a guilty verdict and the trial court subsequently imposed a four-year prison term. Tucker filed this timely appeal, presenting three assignments of error for our review. To facilitate our analysis, we elect to address all of the assignments together.

II

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION FOR AGGRAVATED ARSON UNDER R.C. 2909.02(A)(1) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTION FOR AGGRAVATED ARSON UNDER R.C. 2909.02(A)(1) WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S CRIM.R. 29 MOTION FOR JUDGMENT OF ACQUITTAL.

{¶6} In her three assignments of error, Tucker argues that it was erroneous for the trial court to enter a judgment of conviction that was unsupported by either the sufficiency of the evidence or the manifest weight of the evidence. We disagree.

{¶7} "'We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence.'" *State v. Smith*, 9th Dist. Summit No. 27389, 2015-Ohio-2842, ¶ 17, quoting *State v. Frashuer*, 9th Dist. Summit No. 24769, 2010-Ohio-634, ¶ 33. A sufficiency challenge of a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a rational doubt." *Id.* Although we conduct de novo review when considering a sufficiency of the evidence challenge, "we neither resolve evidence conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570, C-120751, 2013-Ohio-4775, ¶ 33.

{¶8} A sufficiency challenge is legally distinct from a manifest weight challenge. *Thompkins* at 387. Accordingly, when applying the manifest weight standard, we are required to consider the whole record, "weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Courts are cautioned to only reverse a conviction on manifest weight grounds "in exceptional cases," *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340, where the evidence "weighs heavily against the conviction," *Thompkins* at 387.

{¶9} This matter implicates Tucker's conviction on aggravated arson under R.C. 2909.02(A)(1), which provides that "[n]o person, by means of fire or explosion, shall knowingly * * * [c]reate a substantial risk of serious physical harm to any person other than the offender." The Revised Code provides that, for the purposes of R.C. 2909.02(A), "[t]o 'create a substantial risk of serious physical harm to any person' includes the creation of a substantial risk of serious physical harm to any emergency personnel." R.C. 2909.01(A). "Substantial risk" is defined as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). "Serious physical harm," meanwhile, includes "[a]ny physical harm that carries a substantial risk of death," "permanent incapacity," or "permanent disfigurement." R.C. 2901.01(A)(5)(b)-(d).

{¶10} Tucker only contests the sufficiency and weight of the evidence regarding the creation of a substantial risk to another person. Specifically, she contends that the only person placed in danger by the fire was her. Accordingly, we limit our review of the evidence to that

which relates to this element. And, our review reveals that the State offered sufficient evidence on this point to sustain Tucker's conviction. It also shows that Tucker's conviction is not against the manifest weight of the evidence.

{¶11} The record reflects that the fire at Tucker's residence was very large, required an extended period of time to extinguish, and featured very high temperatures. Assistant Chief Likely testified to his observation of heavy black smoke and resulting conclusion that a flashover was possible. This phenomenon, according to Assistant Chief Likely, is "very dangerous" and presented a risk of death or serious bodily injury to the firefighters in the residence. After observing that "things [were] going bad real quick in there, things [were] about to flash over, which means that everything in that room will become engulfed with fire[,]" Assistant Chief Likely ordered his firefighters out of the residence for their own safety. Indeed, on cross-examination, Assistant Chief Likely testified as follows:

> Q: Was there ever a point then where there was a strong possibility that somebody was going to get hurt?
>
> A: Yes, sir, there was.
>
> Q: Where was that possibility?
>
> A: That second story.

Based on this testimony, we determine that there was sufficient evidence to support Tucker's conviction. *See State v. Jewett*, 10th Dist. Franklin No. 11AP-1028, 2013-Ohio-1246, ¶ 31 (holding that sufficient evidence supported aggravated arson conviction where firefighter testified that fire created the possibility of a "backdraft situation" that could endanger the firefighters); *State v. Eggeman*, 3d Dist. Van Wert No. 15-04-07, 2004-Ohio-6495, ¶ 15 (holding that sufficient evidence supported aggravated arson conviction where testimony reflected that there was the possibility of an explosion from the fire). *Compare State v. Wolf*, 176 Ohio

App.3d 165, 2008-Ohio-1483, ¶ 27 (3d Dist.) (finding insufficient evidence to support aggravated arson conviction where the "fire was small, was extinguished within one minute, and was not accompanied by unusually high temperatures").

{¶12} Tucker's manifest weight argument rests on the same basis as her sufficiency argument and we likewise reject it. *See State v. Stewart*, 9th Dist. Summit No. 25857, 2012-Ohio-3671, ¶ 26 (rejecting manifest weight argument where the defendant "[did] not present any separate argument in support of his manifest weight argument other than to aver once again that his conviction was based upon multiple inferences"). The jury was entitled to believe Assistant Chief Likely's testimony that the fire created such a strong risk of death or serious injury to his firefighters that he ordered them to leave the residence for their own safety. It also heard from fire investigators who testified that the residence fire created the risk of a "backdraft," which occurs when combustible gases build up and explode and which also create the possibility of death and serious injury to firefighters. We cannot conclude from this evidence that the jury lost its way in reaching its guilty verdict here. *See Eggeman* at ¶ 28 (rejecting manifest weight challenge to aggravated arson conviction where testimony reflected that fire posed a risk of explosion and death to responding firefighters).

{¶13} Accordingly, we overrule Tucker's first, second, and third assignments of error.

III

{¶14} Having overruled all of Tucker's assignments of error, we affirm the judgment of the Medina County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

JULIE A. SCHAFER
FOR THE COURT


CARR, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

BRADLEY J. PROUDFOOT, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.