[Cite as *State v. Collins*, 2015-Ohio-5175.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No.    14CA010687 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LINDSEY G. COLLINS | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    13-CR-088553 |

DECISION AND JOURNAL ENTRY

Dated: December 14, 2015

SCHAFER, Judge.

{¶1}   Defendant-Appellant, Lindsey G. Collins, appeals the judgment of the Lorain County Court of Common Pleas finding her guilty of having a weapon while under disability, carrying a concealed weapon, and an attendant firearm specification.  For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2}   On August 14, 2013, officers from the Lorain Police Department responded to a call reporting a possible burglary at a home on Regina Avenue in Lorain, Ohio.  Upon arriving at the scene, officers observed broken windows in the back of the house and droplets of blood on the cement patio.  The officers then entered the garage and the home and conducted a clearing sweep of the premises to ascertain if a suspect was still inside the residence.  There was nobody discovered inside of the home, but the officers discovered additional droplets of blood inside and noticed that the home appeared disheveled, as if it had been burglarized.

{¶3} The police contacted the owner of the home at his place of employment. The owner returned to his home and determined that a MacBook Pro laptop, a locked gun case containing a Smith & Wesson .9mm handgun, a camera, a few pieces of jewelry, a large jar of loose change, and a leopard-print bag were missing.

{¶4} On August 16, 2013, the Lorain Police Department arrested Collins in connection with several recent burglaries and thefts within the community. Collins was in possession of a leopard-print bag at the time of her arrest. After officers *Mirandized* Collins, they questioned her about the burglary of the home on Regina Avenue. Collins admitted to committing the burglary and to stealing a camera, a laptop, and a Smith & Wesson firearm. However, she refused to state where the firearm was presently located.

{¶5} In January 2014, the grand jury issued a three-count indictment against Collins. Specifically, the grand jury charged Collins with: (1) one count of burglary, in violation of R.C. 2911.12(A)(2); (2) one count of having a weapon under disability, in violation of R.C. 2923.13(A)(3); and (3) one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2). A firearm specification also accompanied the burglary charge pursuant to R.C. 2941.141. Collins pled not guilty to all of the counts contained within the indictment and, after waiving her right to a jury trial, the matter proceeded to a bench trial. At trial, the State presented three witnesses: the victim, the police officer who first responded to the reported burglary, and the detective who questioned Collins at the police station. At the close of the State's case-in-chief, Collins made a motion for a judgment of acquittal pursuant to Crim.R. 29, which the trial court denied. The defense then rested without calling any witnesses.

{¶6} The trial court ultimately found Collins guilty on all counts contained within the indictment. At sentencing, the trial court merged the carrying a concealed weapon count with

the having a weapon while under disability count. The trial court then sentenced Collins to three years in prison on the burglary count and one year in prison on the attendant firearm specification, with those sentences to be served consecutively. The trial court also sentenced Collins to 12 months in prison on the having a weapon while under disability count, but ordered that sentence to be served concurrently with the burglary count. Thus, the trial court sentenced Collins to a total prison term of four years.

{¶7} Collins filed this timely appeal, presenting one assignment of error for our review.

II.

**Assignment of Error**

**The evidence was insufficient to support the trial court's verdict of "guilty" with respect to the having a weapon under disability and carrying a concealed weapon counts of the indictment and to the firearm specification as to the burglary count of the indictment, and those convictions were against the manifest weight of the evidence.**

{¶8} In her sole assignment of error, Collins argues that her convictions for having a weapon while under disability, carrying a concealed weapon, and the firearm specification accompanying the burglary count, were unsupported by either sufficient evidence or the manifest weight of the evidence. We agree to the extent that her conviction for carrying a concealed weapon was unsupported by sufficient evidence.

{¶9} "'We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence.'" *State v. Smith,* 9th Dist. Summit No. 27389, 2015–Ohio–2842, ¶ 17, quoting *State v. Frashuer,* 9th Dist. Summit No. 24769, 2010–Ohio–634, ¶ 33. A sufficiency challenge of a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such

evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "Although we conduct de novo review when considering a sufficiency of the evidence challenge, 'we neither resolve evidence conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact.'" *State v. Tucker*, 9th Dist. Medina No. 14CA0047-M, 2015-Ohio-3810, ¶ 7, quoting *State v. Jones,* 1st Dist. Hamilton Nos. C–120570, C–120751, 2013–Ohio–4775, ¶ 33.

{¶10} A sufficiency challenge is legally distinct from a manifest weight challenge. *Thompkins* at 387. Accordingly, when applying the manifest weight standard, we are required to consider the whole record, "weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten,* 33 Ohio App.3d 339, 340 (9th Dist.1986). Courts are cautioned to only reverse a conviction on manifest weight grounds "in exceptional cases," *State v. Carson,* 9th Dist. Summit No. 26900, 2013–Ohio–5785, ¶ 32, citing *Otten* at 340, where the evidence "weighs heavily against the conviction," *Thompkins* at 387.

{¶11} This matter implicates Collins' convictions for having a weapon under disability, carrying a concealed weapon, and the firearm specification accompanying the uncontested burglary count. We address each conviction separately.

## A. Firearm Specification

{¶12} Collins was convicted of burglary with an attendant firearm specification pursuant to R.C. 2941.141. Collins does not challenge her burglary conviction, just the sufficiency of the evidence resulting in her conviction for the one-year firearm specification. Specifically, Collins argues that the State failed to establish that the stolen firearm was operable at the time of the offense.

{¶13} R.C. 2941.141(A) is a penalty enhancement statute which provides for the imposition of a one-year mandatory term upon any offender for having a firearm on or about the offender's person or under the offender's control during the commission of a felony. *State v. Ervin,* 93 Ohio App.3d 178, 179–180 (8th Dist.1994). "'Firearm' means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant," including an "unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." R.C. 2923.11(B)(1). When determining whether a firearm is operable, a trier of fact may consider all relevant facts and circumstances surrounding a crime. *Thompkins*, 78 Ohio St.3d at 385. A firearm specification may be proven by circumstantial evidence. R.C. 2923.11(B)(2); *State v. Jackson,* 169 Ohio App.3d 440, 2006–Ohio–6059 ¶ 27 (6th Dist.), citing *Thompkins* at 385. Circumstantial evidence and direct evidence have the same probative value. *Jenks,* 61 Ohio St.3d at paragraph one of the syllabus.

{¶14} In this case, the victim testified at trial that he purchased the firearm in question in 2007. He further testified that he fired his firearm "maybe twice a year," usually at a firing range. The victim also stated that the firearm worked properly every time that he fired it at the range. Lastly, the victim testified that he last discharged the firearm "probably around February,

January, Februaryish" of 2013, just six months before it was stolen. We determine that the victim's testimony on this point, coupled with Collins' admission that she stole and later sold the firearm in question, constituted sufficient circumstantial evidence that could allow the trier of fact to reasonably infer that the firearm was operable at the time of the offense. Moreover, the trier of fact apparently accepted the victim's testimony that he last fired his Smith & Wesson .9mm firearm in February of 2013 and that it was always in good working order. As such, after reviewing the record, we cannot conclude that the trier of fact lost his way and committed a manifest miscarriage of justice in convicting Collins of the attendant firearm specification.

## B. Having A Weapon While Under Disability

**{¶15}** Collins was also convicted of having a weapon while under disability in violation of R.C. 2923.13(A)(3). That statute states, in pertinent part:

> (A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
>
> * * *
>
> (3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

R.C. 2923.13(A)(3). The definition of "firearm," as used in R.C. 2923.13, requires the firearm to be operable or readily capable of being rendered operable. *State v. Mays*, 6th Dist. Lucas No. L-12-1173, 2013-Ohio-3553, ¶ 16. To act "knowingly" means that a person "is aware that [his or her] conduct will probably cause a certain result * * * or that certain circumstances probably exist. R.C. 2901.22(B). "When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high

probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." *Id.*

**{¶16}** With regard to the conviction for having weapons under disability, Collins stipulated at trial to having prior felony drug-related convictions. Collins contends that the State failed to present sufficient evidence that the firearm was operable at the time that Collins stole it on August 14, 2013. But, we reject this argument for the same reasons outlined in our resolution of Collins' sufficiency challenge to her firearm specification.

**{¶17}** Collins further contends that there was no evidence or testimony presented at trial showing that she knowingly acquired, had, carried, or used a firearm. We disagree. Detective Morris testified at trial that he interrogated Collins about the Regina Avenue burglary. Detective Morris testified that Collins confessed to committing the burglary in question, admitted to stealing a Smith & Wesson firearm, and stated that she sold the firearm, although she would not reveal to whom. The victim testified that the words "Smith & Wesson" were printed on the stolen gun case that held his .9mm firearm. The State also played the video recording of Detective Morris' interrogation of Collins for the trial court and introduced it into evidence. The contents of the video corroborated Detective Morris' testimony.

**{¶18}** In viewing this evidence in a light most favorable to the prosecution, we determine that a rational trier of fact could have found the essential elements R.C. 2923.13(A)(3) proven beyond a reasonable doubt. Moreover, the trier of fact apparently accepted Detective Morris' testimony, which, if believed, would support the conclusion that Collins acquired, had, or possessed a firearm while under disability. After reviewing the record, we cannot conclude that the trier of fact lost his way and committed a manifest miscarriage of justice in convicting Collins of having a weapon while under disability.

## C. Carrying A Concealed Weapon

{¶19} Collins was convicted of carrying a concealed weapon in violation of R.C. 2923.12(A)(2). Collins contends that the State failed to present sufficient evidence demonstrating that the firearm was concealed on her person or ready at hand. We agree.

{¶20} Pursuant to R.C. 2923.12(A)(2),"[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * a handgun other than a dangerous ordnance[.]" R.C. 2923.12(F)(1) provides that the offense of carrying a concealed weapon is a first-degree misdemeanor unless one of several fact patterns apply, in which event it is a fourth-degree felony:

> Except as otherwise provided in this division or division (F)(2) of this section * * * if the weapon involved is a firearm that is either loaded or for which the offender has ammunition ready at hand, or if the weapon involved is dangerous ordnance, carrying concealed weapons in violation of division (A) of this section is a felony of the fourth degree.

{¶21} Here, the State concedes that there was insufficient evidence to support the elevation of the charge to a fourth-degree felony in this case. And, after a careful review of the record, we agree. However, we also determine that the State failed to present sufficient evidence to sustain a guilty verdict on the charge for carrying a concealed weapon. The only evidence that the State presented at trial was that Collins stole the .9mm firearm from the home on Regina Avenue. No evidence was put forth regarding the manner in which Collins removed the firearm from the home. Although there was testimony that the homeowner stored his firearm in a locked case, it is unclear when, or if, Collins removed the firearm from the case or how she carried the firearm if she did.

{¶22} Nonetheless, we note that there could be sufficient evidence to find Collins guilty of R.C. 2923.12(A)(2) if possessing a firearm in a locked case constitutes having it concealed

and ready at hand. A handgun is concealed if it is "so situated as not to be discernible by ordinary observation by those near enough to see it if it were not concealed, who would come into contact with the possessor in the usual associations of life[.]" *State v. Hall*, 9th Dist. Lorain No. 17315, 1996 WL 411639, * 3 (July 24, 1996), quoting *State v. Pettit*, 20 Ohio App.2d 170, 173-174 (4th Dist.1969). The phrase ""'[r]eady at hand" means so near as to be conveniently accessible and within immediate physical reach.'" *State v. Davis*, 115 Ohio St.3d 360, 2007-Ohio-5025, ¶ 29, quoting *State v. Miller*, 2d Dist. Montgomery No. 19589, 2003-Ohio-6239, ¶ 14.

{¶23} However, assuming arguendo that there was sufficient evidence that the firearm in this case was concealed, we cannot conclude that sufficient evidence existed demonstrating that the firearm was "ready at hand." There was evidence offered at trial that the firearm was stored in a case that contained a four-digit combination lock. While the *case* may have been "ready at hand," we cannot conclude that the firearm itself was "ready at hand." There is nothing in the record indicating that Collins either knew the combination to the case's lock or otherwise was able to remove the firearm from the case. Accordingly, we cannot say that the firearm was "conveniently accessible[.]" We therefore conclude that the trial court erred in convicting Collins on the carrying a concealed weapon charge.

{¶24} Accordingly, Collins' assignment of error is sustained insofar as it relates to the insufficiency of the evidence for her carrying a concealed weapon conviction. In all other respects, we overrule Collins' assignment of error.

III.

{¶25} Collins' sole assignment of error is sustained in part and overruled in part. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and

the cause remanded for the limited purpose of entering a judgment of acquittal in the judgment entry on the carrying a concealed weapon charge.

Judgment affirmed in part
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.