[Cite as *State v. Soucek*, 2018-Ohio-3834.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 17CA011226 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID A. SOUCEK | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 17CR095501 |

DECISION AND JOURNAL ENTRY

Dated: September 24, 2018

CALLAHAN, Judge.

{¶1} David Soucek appeals from his conviction in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On December 27, 2016, Elyria police responded to the scene of a neighborhood altercation that led to the eventual arrest of Mr. Soucek. Mr. Soucek was eventually indicted for felonious assault, in violation of R.C. 2903.11(A)(1), for throwing drain cleaner in the face of the victim, and obstructing official business, in violation of R.C. 2921.31(A), for the stand-off with the police that took place during the time leading up to his arrest. The matter proceeded to a jury trial, during which Mr. Soucek testified that the incident was an accident. Mr. Soucek was convicted of felonious assault and acquitted of obstructing official business. Mr. Soucek now appeals his conviction and raises a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶3} In his sole assignment of error, Mr. Soucek challenges the sufficiency of the evidence to support his felonious assault conviction.

{¶4} Initially, this Court notes that in his appellate brief, Mr. Soucek sets forth the law regarding a manifest weight review instead of a sufficiency review. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380 (1997), paragraph two of the syllabus. As a matter of appellate review, they involve different means and ends. *See id*. at 386-389. They also invoke different inquiries with different standards of review. *Id.* at 386-387; *State v. Smith*, 80 Ohio St.3d 89, 113 (1997). The difference, in the simplest sense, is that sufficiency tests the burden of production while manifest weight tests the burden of persuasion. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring).

{¶5} A sufficiency challenge presents a question of law and, therefore, is reviewed de novo. *See id.* at 386. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Although the standard of review is de novo, the appellate court does not resolve evidentiary conflicts or assess the credibility of witnesses as those functions

belong to the trier of fact. *State v. Tucker*, 9th Dist. Medina No. 14CA0047-M, 2015-Ohio-3810, ¶ 7.

{¶6} Mr. Soucek was convicted of felonious assault, in violation of R.C. 2903.11(A)(1). As it pertains to this case, that statute prohibits "knowingly * * * [c]aus[ing] serious physical harm to another * * *." R.C. 2903.11(A)(1). Mr. Soucek does not dispute the fact that his actions caused serious physical harm to the victim. Instead, he limits his challenge to whether the State put forth sufficient evidence that he acted knowingly. This Court, likewise, limits its review to that issue.

{¶7} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶8} The victim testified that he lived in the Colonial Oaks trailer park in Elyria with Mr. Soucek's neighbor and the neighbor's mother. The victim knew Mr. Soucek because Mr. Soucek also lived in the trailer park. The victim lived there for several months prior to the incident and had no issues with Mr. Soucek until several days before Christmas 2016, when Mr. Soucek accused him of taking his motorized electric bike.

{¶9} On that day, the victim was walking up the drive to the neighbor's trailer when he saw Mr. Soucek hollering at the neighbor. As the victim approached, Mr. Soucek was "going crazy" and began accusing the victim of taking his bike. Mr. Soucek initiated a physical altercation with the victim that ended quickly. The police were not called.

{¶10} According to the victim, on December 27, 2016, as he and the neighbor were outside "scrapping" in the neighbor's driveway, Mr. Soucek pulled up on a motorized bike, got

off the bike, approached the victim and yelled "'I told you to get out of here. You are going to die.'" and "'I'm going to kill you.'" At that time, Mr. Soucek grabbed a jar from his jacket pocket, unscrewed the lid, and threw the liquid contents of the jar at the victim's face. The victim immediately felt burning and tackled Mr. Soucek to the ground. They scuffled for a while and the victim got up, ran inside, and called 911. The victim denied taking Mr. Soucek's bike and denied ever being the aggressor.

{¶11}  The neighbor testified that several days before Christmas, Mr. Soucek knocked on his door and asked where the victim was and if the victim took his bike. At that point, the victim came around the corner, and Mr. Soucek started having words with the victim and accused the victim of taking his bike. Mr. Soucek hit the victim and told him he needed to get out of the trailer park. The victim returned a punch saying, "'If you swing at me again, I'm going to hurt you.'" The two men stopped scuffling and Mr. Soucek yelled at the neighbor, telling him that he had to get the victim out of the trailer park.

{¶12}  According to the neighbor, after that incident he went to talk to Mr. Soucek because his conduct had been "so outrageous." The neighbor testified that Mr. Soucek was still enraged and "believed in his heart that [the victim]" stole his bike. Mr. Soucek stated, "'I'll hunt him down and kill him like a dog.'" According to the neighbor, Mr. Soucek was "pretty much normal" when the neighbor left him.

{¶13}  The neighbor testified that on December 27, he was outside his trailer "scrapping" with the victim when Mr. Soucek pulled up on a different motorized bike, approached the victim and told the victim "'You've been warned. I told you to get out of here.'" Mr. Soucek then pulled a jar from his jacket pocket, unscrewed the lid, and threw the liquid contents at the victim's face. The victim covered his eyes, started screaming and crying, then put his head down

and tackled Mr. Soucek. Mr. Soucek kept screaming at the victim to "'[d]ie.'" Mr. Soucek pointed to the neighbor screaming "[you're] next" and then yelled "'[y]ou too'" to the neighbor's mother, who had apparently heard the commotion and come outside. The neighbor denied that he had ever asked Mr. Soucek to come to his trailer and unclog his drain. He denied that the victim was ever the aggressor.

{¶14} Mr. Soucek acknowledged that initially, there were no issues with his relationship with the victim, although by December 2016 the relationship had deteriorated for several reasons not pertinent to the discussion in this case. When his bicycle was missing he confronted the neighbor and, during their conversation "[the victim] came up from around the side of the house and came up behind [Mr. Soucek] and, boom, [he] rabbit punched [Mr. Soucek] right in the back of the head as hard as [he] could." Mr. Soucek then "just turned around and pushed him off and kind of shook it off."

{¶15} Mr. Soucek testified that, prior to December 27, he had a conversation with the neighbor about assisting with repairs needed on the neighbor's truck and a clogged drain. On December 27, Mr. Soucek came to the neighbor's trailer and was in the process of showing him the drain cleaner, having removed the lid, when "all of a sudden, [the victim] came out of the house" and "came running at [him]" and said, "'I'm going to kill you.'" According to Mr. Soucek, he "panicked" and "jerked back." The victim then came rushing at him and jumped on Mr. Soucek, causing the drain cleaner to spill on the victim's chest. The victim then rubbed his fingers in the drain cleaner that had soaked his shirt and then onto his own face and onto Mr. Soucek's face. Mr. Soucek specifically denied acting in self-defense and maintained that the entire incident was an accident that occurred when the jolt of being hit by the victim caused the substance to fly out of the jar and onto the victim's shirt.

{¶16} Mr. Soucek argues "[i]t was [his] 'accident' or recklessness which caused the acid to spill onto [the victim] and not knowing actions." To the extent that Mr. Soucek argues the incident was an accident, the competing theories of the case were presented to the jury, and the jury chose which argument it found more persuasive. "[A]n evaluation of witnesses' credibility * * * is not proper on review for evidentiary sufficiency" and such challenges are not relevant to Mr. Soucek's sufficiency of the evidence claim. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 79.

{¶17} To the extent that Mr. Soucek argues the State, at best, proved recklessness, one who acts recklessly is a person who "with heedless indifference to the consequences, * * * disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C). With recklessness, "'the actor must be conscious that his conduct will in all probability result in injury.'" *Lindsey v. Summit Cty. Children's Servs. Bd*., 9th Dist. Summit No. 24352, 2009-Ohio-2457, ¶ 18, quoting *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, ¶ 74. Here, Mr. Soucek's own testimony is contrary to the culpable mental state of recklessness.

{¶18} Viewing the evidence presented by the State in a light most favorable to the State, this Court must conclude that sufficient evidence was presented from which a rational trier of fact could have concluded that Mr. Soucek knowingly threw a caustic substance in the victim's face.

III.

{¶19} Mr. Soucek's sole assignment of error is overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NICHOLAS A. BONAMINIO, Assistant Prosecuting Attorney, for Appellee.