[Cite as *State v. Conkle*, 2019-Ohio-4242.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF AKRON | C.A. No. 28927 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| PAULA CONKLE | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 17-CRB-08623 |

DECISION AND JOURNAL ENTRY

Dated: October 16, 2019

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Paula Conkle, appeals her conviction in the Akron Municipal Court. This Court affirms.

I.

{¶2} On September 10, 2017, officers from the Akron Police Department were searching for an individual named Barry Hartman. The Wadsworth Police Department notified Akron Police that they had "pinged" Mr. Hartman's cell phone to a residence located at 246 Kingston Place in Akron, Ohio, where they believed he may be staying with Paula Conkle. Pursuant to information relayed to the Akron officers through police dispatch, the officers believed that Mr. Hartman had recently been present at 246 Kingston Place, and were warned that he may be armed and that he has threatened "suicide by cop" in the past.

{¶3} Several police units arrived at 246 Kingston Place. Akron Police Officers Adam Guilmette and David White approached the side door of the residence intending to locate and arrest

Mr. Hartman on outstanding warrants. Ms. Conkle answered the door and declined to let the officers inside to search for Mr. Hartman. However, in speaking with the officers, Ms. Conkle did acknowledge that she knew Mr. Hartman and suggested to the officers that they may possibly be able to figure something out. During this brief four-to-five-minute encounter at the side door, the home security alarm sounded, and Ms. Conkle made a telephone call to her alarm company requesting assistance from other law enforcement agencies.

{¶4} At this point, despite Ms. Conkle's refusal, Officer White decided to make entry into the residence. He attempted to go through the door, but Ms. Conkle pulled it shut and briefly held it closed. Officer White was able to force the door open, and Ms. Conkle fell to the floor screaming and blocking the door with her body. Officers were able to step over Ms. Conkle and enter the home. While inside, they apprehended Mr. Hartman and placed him under arrest.

{¶5} The officers alleged that Ms. Conkle obstructed the officers by closing and blocking the door and calling her alarm company. Ms. Conkle was charged with one count of obstructing official business in violation of Akron City Code 136.11, a misdemeanor of the second degree. Ms. Conkle entered a plea of not guilty to the charge.

{¶6} The matter proceeded to a bench trial. At the start of trial, counsel for Ms. Conkle asserted his intention to argue that any action she took "was a privileged protection of her Fourth Amendment rights under the Constitution." Upon the conclusion of the State's case, the trial court denied Ms. Conkle's Crim.R. 29 motion for acquittal. The trial court found Ms. Conkle guilty of obstructing official business and imposed a sentence on December 18, 2017. Ms. Conkle timely appealed her conviction, raising one assignment of error for our review.

II.

## Assignment of Error I

**The trial court erred as a matter of law in finding [Ms.] Conkle guilty of obstructing official business.**

{¶7}    In her sole assignment of error, Ms. Conkle argues that the trial court erred in finding her guilty of obstructing official business.  Although Ms. Conkle does not identify a standard of review in her brief, her argument sounds in sufficiency.  *See State v. Hayes*, 9th Dist. Summit No. 26388, 2013-Ohio-2429, ¶ 9 ("An argument that the State failed to prove one of the elements of a crime is one sounding in sufficiency, not weight.").  Accordingly, this Court will consider whether Ms. Conkle's conviction is supported by sufficient evidence.

{¶8}    A challenge to the sufficiency of a criminal conviction presents a question of law, which we review de novo.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Id*.  Although we conduct a de novo review when considering a sufficiency of the evidence challenge, the appellate court does not resolve evidentiary conflicts or assess the credibility of witnesses as those functions belong to the trier of fact.  *State v. Tucker*, 9th Dist. Medina No. 14CA0047-M, 2015-Ohio-3810, ¶ 7.

{¶9}    Initially this Court notes that Ms. Conkle has presented a very limited outline of an argument in her merit brief.  Ms. Conkle contends that there are issues as to whether she "had the privilege to attempt to prevent the police officer from entering her home, and whether the police

were legitimately in the performance of their lawful duties when they forcefully entered [her] home." In support of these contentions, Ms. Conkle asserts that officers lacked a reasonable belief that Mr. Hartman was anything more than a guest in Ms. Conkle's home and, that no exigent circumstances existed to justify "immediate, forcible[,] and warrantless entry" into her home to arrest Mr. Hartman. In her reply brief, she contends that the "police had no reasonable belief or probable cause to believe that [Mr.] Hartman was a resident of the premises[—]which would have justified entry under the Fourth Amendment[—]other than a vague bit of information that he 'stayed there', with no further details."

{¶10} Ms. Conkle was convicted of obstructing official business in violation of Akron City Code 136.11. That ordinance states:

> No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.

Akron City Code 136.11(A), *see also* R.C 2931.31(A). Ms. Conkle challenges the State's production of evidence as to two elements of obstructing official business: (1) that officers were in the performance of their lawful duties, and (2) that she acted without privilege.

{¶11} The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *See also* Article I, Section 14 of the Ohio Constitution. The Fourth Amendment confers the constitutional right upon a defendant to refuse to consent to a warrantless entry, and the assertion of this right cannot be a crime. *Camara v. Mun. Court*, 387 U.S. 523, 530–540 (1967); *Akron v. Callaway*, 162 Ohio App.3d 781, 2005-Ohio-4095 ¶ 14 (9th Dist.).

{¶12} To lawfully enter Ms. Conkle's residence, officers needed either consent, a warrant, or exigent circumstances. *Steagald v. United States*, 451 U.S. 204, 205 (1981). The record clearly

establishes that the officers did not have consent to enter the residence to search for Mr. Hartman. At trial, Officers Guilmette and White each testified that they did not have a search warrant. However, both officers testified that they verified arrest warrants for Mr. Hartman and Officer Guilmette further testified as to his belief that, because there was an arrest warrant, "[w]ith the information we had at hand we did not need a search warrant to enter that house for a felony warrant."

{¶13} Whether an arrest warrant, as opposed to a search warrant, adequately protects the Fourth Amendment interests of a individuals who are not named in the warrant during a nonconsensual search of their home depends upon what the warrant authorized the officers to do. *Steagald* at 212-213. "[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980). An "arrest warrant is sufficient [authorization] to enter a * * * residence to effectuate the warrant if [a] police [officer] has reason to believe that the suspect lives in the [residence] and is in fact [there] at the time the arrest warrant is executed." (Emphasis sic.) *State v. Turpin*, 2d Dist. Montgomery No. 27453, 2017-Ohio-7435, ¶ 13, quoting *State v. Cooks*, 2d Dist. Clark No. 2016-CA-40, 2017-Ohio-218, ¶ 10; *see also State v. Mansaray*, 8th Dist. Cuyahoga No. 93562, 2010-Ohio-5119, ¶ 18; *State v. Hughes*, 11th Dist. Ashtabula No. 2018-A-0035, 2018-Ohio-5069, ¶ 15. Reasonable belief that the subject of a warrant lives at a particular residence "is established by looking at common sense factors and evaluating the totality of the circumstances." *Cooks* at ¶ 10, quoting *United States v. Pruitt*, 458 F.3d 477, 482 (6th Cir.2006).

{¶14} At trial, Officer Guilmette testified that the Wadsworth police department relayed the information that caused him to believe that Mr. Hartman, the subject of felony arrest warrants,

was staying at 246 Kingston Place with Ms. Conkle and that his cell phone had recently pinged to that address. Officer Guilmette testified that he had verified the arrest warrants for Mr. Hartman and, in speaking with Ms. Conkle, informed her that Mr. Hartman had a felony warrant and that the officers had knowledge that he was staying at that location. He testified that she refused to cooperate or to allow the officers to gain entry into the home.

{¶15} Officer White also testified that, based on information the Wadsworth police department relayed through dispatch, he believed Mr. Hartman was at 246 Kingston Place. He testified as to his understanding that Mr. Hartman stayed at that residence with Ms. Conkle, and that Mr. Hartman's cell phone had been at that address within the past fifteen minutes. Further, Officer White testified that he believed Mr. Hartman was a resident at Ms. Conkle's house because his call notes indicated that he stays there with the defendant and that led him to believe that Mr. Hartman did indeed live there, which he felt was corroborated by the circumstances. Officer White also testified that the officers told Ms. Conkle that they had confirmed a warrant for Mr. Hartman's arrest, but did not have a paper version of it.

{¶16} The officers' uncontroverted testimony establishes that they were acting pursuant to their authority to execute an arrest warrant when they entered the home in which they believed—based on the information relayed through dispatch, the call notes, and the totality of the circumstances—that Mr. Hartman lived and where they had "reason to believe the suspect [wa]s within." *Payton*, 445 U.S. at 603. Under such circumstances, an arrest warrant would be sufficient to enter the residence. *Cooks*, 2017-Ohio-218 at ¶10. In this Court's assessment, this testimony, viewed in a light most favorable to the prosecution, was sufficient to permit a rational factfinder to determine that officers were performing their lawful duties when they executed the arrest warrant upon a reasonable belief that Mr. Hartman resided and was present at 246 Kingston Place

and, therefore, Ms. Conkle was without privilege to impede the officers from entering the residence to apprehend Mr. Hartman. Accordingly, this Court rejects Ms. Conkle's argument that the State failed to present sufficient evidence as to those elements of obstructing official business.

{¶17} Moreover, to the extent Ms. Conkle, in her merit brief, intended to argue privilege as an affirmative defense to obstructing official business, the record does not reflect that she raised that argument to the trial court. "'Privilege' means an immunity, license, or right conferred by law, or bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). Although the State bears the burden to prove, beyond a reasonable doubt, all essential elements of an offense, the absence of privilege is not an essential element of obstructing official business which the State must prove beyond a reasonable doubt. *See State v. Novak*, 4th Dist. Gallia No. 16CA4, 2017-Ohio-455, ¶ 18; *State v. Stevens*, 5th Dist. Morgan No. 07-CA-0004, 2008-Ohio-6027, ¶ 35; *State v. Williams*, 8th Dist. Cuyahoga No. 83574, 2004-Ohio-4476, ¶ 38. In that context, a "privilege is more of an affirmative defense or a mitigating circumstance that if shown to exist would prevent an accused from being convicted of obstructing official business." *State v. Stevens*, 5th Dist. Morgan No. 07-CA-0004, 2008-Ohio-6027, citing *State v. Gordon*, 9 Ohio App.3d 184, 187 (1st Dist.1983). "The burden of proof is on the defendant to establish a privilege." *State v. Williams*, 8th Dist. Cuyahoga No. 83574, 2004-Ohio-4476, ¶ 38; R.C. 2901.05(A).

{¶18} Ms. Conkle did not present a case at trial, but counsel asserted during opening remarks that any action she took "was a privileged protection of her Fourth Amendment rights under the Constitution." The State indicated that both parties had presented the trial court with some case law on this issue, however, this submission of case law was not made part of the record, and the record is devoid of any explicit identification of the nature of Ms. Conkle's claimed

privilege. Ms. Conkle did not present any cognizable argument to the trial court to demonstrate that she claimed a privilege, specifically, to exercise her right as a third-party resident of the home to refuse entry to search for a nonresident subject of an arrest warrant. *See Steagald*, 451 U.S. at 212; *State v. Howard*, 75 Ohio App.3d 760, 769 (4th Dist.1991) (contrary to the dissent's assertion that the present case is similar to *Howard*, the Fourth District concluded in that case that the warrant requirement serves to protect *third-party residents* of a home where a *nonresident*—as distinguished from a resident—is the subject of the search). Furthermore, on appeal, Ms. Conkle did not point to any evidence in the record to substantiate a claim that Mr. Hartman did not reside with her, or to challenge the officers' claims as to their reasonable belief as that he resided there. This Court cannot infer from the limited argument presented on appeal any challenge other than sufficiency of the evidence. "[A]n affirmative defense, on which the defendant bears the burden of proof, it is not properly reviewed in the context of the sufficiency of the evidence." *State v. Clark*, 9th Dist. Wayne No. 14AP0002, 2015-Ohio-2978, ¶ 5, citing R.C. 2901.05(A). Consequently, this Court cannot review Ms. Conkle's argument that she was privileged to refuse officers entry to the home to apprehend the subject of an arrest warrant.

{¶19} Viewing the evidence presented at trial in a light most favorable to the State, this Court concludes the evidence was sufficient to permit the trier of fact to find Ms. Conkle guilty of obstructing official business. Consequently, Ms. Conkle's assignment of error is overruled.

III.

{¶20} Ms. Conkle's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CONCURS IN JUDGMENT ONLY.

HENSAL, J.
DISSENTING.

{¶21} Ms. Conkle's conviction should be reversed because the officers did not show her their alleged warrant and, thus, she was privileged to deny them entry into her home. *See Camara v. Mun. Court*, 387 U.S. 523, 540 (1967) (explaining that, because the housing inspector in that case did not have a warrant, "appellant was unable to verify either the need for or the appropriate

limits of the inspection."). This case is similar to *State v. Howard*, 75 Ohio App.3d 760 (4th Dist.1991). In *Howard*, law enforcement officers pursued a tip that an individual for which they had an arrest warrant was at James Howard's trailer. When they arrived at the trailer, Mr. Howard "demanded to see a warrant[,]" but the officers did not have it with them. *Id.* at 763-764. Mr. Howard, therefore, refused entry to his trailer. The Grand Jury subsequently indicted him for obstruction of justice. The Fourth District concluded that Mr. Howard's "assertion of his constitutional right to refuse to consent to the entry and search cannot be a crime * * *." *Id.* at 772. It explained that "[c]ourts disapprove of penalties imposed for exercising constitutional rights." *Id.*, citing *State v. Landrum*, 53 Ohio St.3d 107, 110 (1990).

{¶22} The Ninth Circuit Court of Appeals has outlined the privilege of a resident to deny entry to a law enforcement officer who does not present a warrant. *United States v. Prescott*, 581 F.2d 1343, 1350 (9th Cir.1978). In *Prescott*, it explained that, if an "officer demands entry but presents no warrant, there is a presumption that the officer has no right to enter, because it is only in certain carefully defined circumstances that lack of a warrant is excused." *Id.* "An occupant can act on that presumption and refuse admission." *Id.* "He need not try to ascertain whether, in a particular case, the absence of a warrant is excused. He is not required to surrender his Fourth Amendment protection on the say so of the officer. The Amendment gives him a constitutional right to refuse to consent to entry and search. His asserting it cannot be a crime." *Id.* at 1350-1351.

{¶23} In this case, the officers admitted that Ms. Conkle asked to see a warrant and that they did not show her Mr. Hartman's arrest warrant before entering her home. They admitted that they could have printed out a copy of the arrest warrant or accessed an electronic version of it on their cell phones. Under these facts, I would conclude that Ms. Conkle had a privilege to prevent,

obstruct, or delay the entry of the officers into her home. *See* Akron City Code 136.11(A); *City of Middleburg Heights v. Theiss*, 28 Ohio App.3d 1, 4 (8th Dist.1985) (explaining that resisting entrance may be accomplished by "locking or closing the door or physically placing one's self in the officer's way."). It does not matter whether Mr. Hartman was a resident or non-resident of the home as the issue is whether Ms. Conkle was privileged to deny the officers entry after they failed to produce the warrant she asked to see. *See Prescott* at 1351 ("[A resident] is not required to surrender h[er] Fourth Amendment protection on the say so of the officer."). I must therefore respectfully dissent.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.