[Cite as *State v. Cecil*, 2026-Ohio-1100.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 25AP0027 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| HAYLIE CECIL | COURT OF COMMON PLEAS |
| | COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2024CRC-I 000120 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2026

SUTTON, Judge.

{¶1} Defendant-Appellant Haylie Nichole Cecil appeals the judgment of the Wayne County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} On February 29, 2024, Quinn McConnell, a police officer with the Wooster Police Department, Patricia Richardson, a certified law enforcement officer with the drug enforcement agency Medway in Wayne County, Ohio, and other law enforcement officers including deputies with the Wayne County Sheriff's Office and other Medway officers, were assigned to execute arrest warrants for Ms. Cecil and her husband Joshua English. The arrest warrants had been issued in a separate felony drug case because Ms. Cecil and Mr. English had failed to appear in court. Ms. Cecil and Mr. English were known to be living in a residence located at 7167 Myers Road in

Wooster, Ohio. The residence was a trailer or mobile home in which Mr. English's grandmother Barbara Shanley also resided.

{¶3} Officers established a perimeter around the trailer. Officers knocked on the front door of the trailer, Ms. Shanley answered, and officers asked if they could come in to arrest Mr. English and Ms. Cecil. Officer McConnell could hear movement and male and female voices inside of the trailer and believed the "voices belonged to the individuals that [they] were there looking for." Officer McConnell attempted to convince Ms. Shanley to reason with her grandson and have him come outside. Ms. Shanley left the front door to speak to Mr. English.

{¶4} Officer Richardson saw Mr. English pass by a window inside the trailer and that information was conveyed to Officer Quinn. Officers then entered the trailer to execute the arrest warrant on Mr. English. Mr. English was taken into custody. Officers did an initial sweep of the trailer for Ms. Cecil but did not find Ms. Cecil. They eventually located her in the trailer after Ms. Shanley pointed to the room where Ms. Cecil was hiding. Ms. Cecil was located concealed between a small wall and doorway, and she was placed under arrest. Drug paraphernalia was observed in plain view while officers were inside the residence. Officers subsequently obtained a search warrant and seized approximately 84 grams of methamphetamine, drug paraphernalia including a digital scale, and $357.00.

{¶5} Ms. Cecil was indicted by the Wayne County Grand Jury for aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the second degree, together with a forfeiture of money specification pursuant to R.C. 2941.1417(A), aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the second degree, together with a forfeiture of money specification pursuant to R.C. 2941.1417(A), and illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree.

**{¶6}** Ms. Cecil pleaded not guilty. Ms. Cecil filed a motion to suppress, seeking to suppress all evidence obtained as a result of the search of the trailer. The trial court held a hearing on the motion and denied the motion to suppress.

**{¶7}** Ms. Cecil subsequently pleaded no contest to the indictment. The trial court found Ms. Cecil guilty and sentenced her to 6 to 9 years in prison to be served consecutively to a sentence she was already serving on another case.

**{¶8}** Ms. Cecil has appealed, raising one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN DENYING [MS. CECIL'S] MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.**

**{¶9}** In her sole assignment of error, Ms. Cecil argues the trial court erred in denying her motion to suppress because officers entered the residence without a search warrant. The State argues because officers were executing valid arrest warrants, the entry into the residence was not unconstitutional.

**{¶10}** A motion to suppress presents mixed questions of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court gives deference to and "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these facts as true, the appellate court must then independently determine,

without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.,* citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist. 1997).

{¶11} Here, there does not appear to be any dispute about the pertinent facts. Law enforcement officers were at the trailer on the date in question to execute arrest warrants for Mr. English and Ms. Cecil. Mr. English and Ms. Cecil resided in the trailer. One of the officers observed Mr. English through a window. While Mr. English's grandmother was at the front door, officers heard male and female voices from within the trailer. Officers entered the trailer in order to arrest Mr. English and Ms. Cecil and observed drug paraphernalia in plain view when they were inside the trailer to execute the arrest warrants.

{¶12} "[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 602 (1980). An "arrest warrant is sufficient [authorization] to enter a . . . residence to effectuate the warrant if [a] police [officer] has reason to believe that the suspect lives in the [residence] and is in fact [there] at the time the arrest warrant is executed." *City of Akron v. Conkle,* 2019-Ohio-4242, ¶ 13 (9th Dist.), quoting *State v. Turpin*, 2017-Ohio-7435, ¶ 13 (2d Dist.); *see also State v. Mansaray*, 2010-Ohio-5119, ¶ 18 (8th Dist.) and *State v. Hughes*, 2018-Ohio-5069, ¶ 15 (11th Dist.). The Supreme Court of Ohio has interpreted Section 14, Article I of the Ohio Constitution as affording the same protections as the Fourth Amendment. *State v. Robinette*, 80 Ohio St.3d 234, 238 (1997); *State v. Kinney*, 83 Ohio St.3d 85, 87 (1988).

{¶13} Ms. Cecil nevertheless argues officers needed a search warrant, or an exception to the search warrant requirement, such as exigent circumstances, to enter the trailer. However, this Court has stated, "[i]t is clear that United States Supreme Court precedent allows the police,

without a search warrant, consent, or exigent circumstances, to enter a residence of a person with an active arrest warrant to execute said warrant." *State v. Swan*, 2006-Ohio-2692, ¶ 16 (9th Dist.).

{¶14} Based on the foregoing, the trial court did not err in denying Ms. Cecil's motion to suppress. Officers were executing valid arrest warrants when they entered the trailer where Ms. Cecil and her husband resided. Officers had reason to believe Ms. Cecil and Mr. English were present in the trailer at the time they entered the trailer. Therefore, the entry into the trailer to execute arrest warrants on Ms. Cecil and Mr. English did not violate the Fourth Amendment to the United States Constitution or Section 14, Article I of the Ohio Constitution.

{¶15} Accordingly, Ms. Cecil's assignment of error is overruled.

III.

{¶16} For the forgoing reasons, Ms. Cecil's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JOSEPH F. SALZGEBER, Assistant Prosecuting Attorney, for Appellee.